**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall Benjamin Winner, | No. CV-20-01698-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff's Attorney Mark Caldwell filed a Motion for Award of Attorney Fees and Memorandum in Support of the Motion under 42 U.S.C. § 406(b). (Docs. 38, 39.) Mr. Caldwell seeks $15,123.25 in attorneys' fees for representing Plaintiff Marshall Winner on a contingent-fee basis. (*Id*.) For the following reasons, the Court grants the Motion.

## I.

After Defendant Commissioner of the Social Security Administration issued a final decision denying Winner's claim for Social Security Disability Insurance benefits, 42 U.S.C. §§ 401-434, Winner filed a Complaint for judicial review. (Doc. 12 at 11–30.) The Court found that the Administrative Law Judge's decision contained error and remanded this case to the agency for further proceedings. (Doc. 33.) Thereafter, the Court awarded Plaintiff $8,817.07 in attorneys' fees and expenses, pursuant to the terms of the parties' Stipulation under the Equal Access to Justice Act ("EAJA"). (Doc. 36.) The Social Security Administration then issued a Notice of Award letter, which indicated that $15,123.25 was withheld from his past-due benefits award for a potential attorney fee. (Doc. 39–1 at 5.)

1   Mr. Caldwell moves this Court to award the previously withheld $15,123.25 as a
2   reasonable attorney fee for representation of Plaintiff on a contingency-fee basis.

**II.**

4   Attorneys who successfully represent Social Security benefits claimants can recover
5   fees under § 406(b) of the Social Security Act. 42 U.S.C. § 406(b)(1)(A). When "a court
6   renders a judgment favorable to a claimant . . . who was represented . . . by an attorney, the
7   court may determine . . . a reasonable fee for such representation, not in excess of 25
8   percent of the total of the past-due benefits." *Id*. The fee is paid "out of, and not in addition
9   to, the amount of [the] past-due benefits." *Id*.

10   Under the *Gisbrecht* test for fee determinations, courts should look "first to the
11   contingent-fee agreement, then test[] it for reasonableness . . . ." *Gisbrecht v. Barnhart*,
12   535 U.S. 789, 808 (2002). If necessary, the Court can reduce the fee amount requested
13   based on "substandard performance, delay, or benefits that are not in proportion to the time
14   spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc). The
15   burden rests on the attorney to "show that the fee sought is reasonable for the services
16   rendered." *Gisbrecht*, 535 U.S. at 807. If a claimant's attorney is awarded fees under both
17   the EAJA and § 406(b), the attorney must "refun[d] to the claimant" the smaller of the two
18   fees. *Id*. at 796 (citation and alteration omitted).

**III.**

20   Having reviewed Winner's contingent-fee agreement with Mr. Caldwell, the Court
21   finds the attorneys' fees requested under § 406(b) to be reasonable. Winner contracted to
22   pay 25 percent of past-due benefits on a contingency basis. (Doc. 39–5.) Mr. Caldwell
23   requests $15,123.25, the amount withheld from Plaintiff's past-due benefits, in attorneys'
24   fees. (Doc. 39–1.) His itemization of services notes 40.8 hours of services rendered, with
25   an hourly fee of $370.67. (Doc. 39–6.) Mr. Caldwell successfully convinced the Court to
26   remand Plaintiff's case to the Social Security Administration for an award of benefits, and
27   there were no suggestions to any substandard performance or undue delay by Mr.
28   Caldwell's prosecuting. There is also no indication of "fraud or overreaching in the making

of the 25% contingent-fee agreement[].” *Crawford*, 586 F.3d at 1151. And Mr. Caldwell's requested hourly rate is within the range of fees that have been approved by the Ninth Circuit. *Id*. at 1153 (approving § 406(b) fees of $519, $875, and $902 per hour).

The requested § 406(b) fees also satisfy *Gisbrecht* because, together with the previously awarded EAJA fees, they constitute less than 25 percent of the total past-due benefits. This Court previously awarded $8,817.07 in attorneys' fees and expenses under the EAJA. (Doc. 36.) As laid out in the Social Security Administration's Notice of Award letter (Doc. 39), 25 percent of the past-due benefits that should have been paid out to Winner is $27,592.05.* As the previously awarded EAJA fees and the now requested § 406(b) fees together amount to $23,940.32, the requested fee amount is reasonable. (Doc. 39.)

The Court, therefore, will grant Mr. Caldwell's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 38) and award $15,123.25 in fees. Because Mr. Caldwell was also awarded EAJA fees, (Doc. 36), Mr. Caldwell must refund the previously obtained EAJA award to Plaintiff as it is the lesser of the two fee awards. *See Gisbrecht*, 535 U.S. at 796.

///
///
///
///
///
///
///
///
///
///

---

* The Social Security Administration notes that $110,368.20 is the total amount that should have been paid to Winner for July 2017 through January 2022. (Doc. 39–1.)

**IV.**

Accordingly,

**IT IS ORDERED** granting the Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 38).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall be awarded fees in the amount of $15,123.125.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the Equal Access to Justice Act.

Dated this 7th day of June, 2023.

Michael T. Liburdi
United States District Judge